Richard LAWSON, Respondent,

v.

**PROGRESSIVE CASUALTY INSURANCE COMPANY, Appellant.**

**No. ED 104961**

Missouri Court of Appeals, Eastern District, DIVISION ONE.

Filed: August 29, 2017

FOR APPELLANT: Daniel E. Wilke, James A. Wilke, 2708 Olive Street, St. Louis, MO 63103.

FOR RESPONDENT: Joan M. Lockwood, 701 Market St., Ste. 800, St. Louis, MO 63101.

ROBERT M. CLAYTON III, Presiding Judge

Progressive Casualty Insurance Company ("Appellant") appeals the trial court's grant of summary judgment in favor of Richard Lawson ("Respondent") on Respondent's action seeking compensatory damages under an underinsured motorist ("UIM") policy issued by Appellant. We reverse and remand.

## I. BACKGROUND

### A. The Undisputed Facts Giving Rise to this Appeal

While the parties dispute the interpretation of the relevant insurance policy, they do not dispute the underlying facts, which are as follows. On August 23, 2013, Respondent was a passenger in the vehicle owned and operated by his daughter, Nicole Lawson.[1] The vehicle occupied by Nicole and Respondent was rear-ended by Sophie Rehagen, who was at fault in the collision. Respondent suffered permanent and significant injuries; it was stipulated that his damages exceeded $150,000.

At the time of the collision, Rehagen was insured under an automobile liability poli-

1. Because Nicole shares the same last name as her father, we will refer to Nicole by her first name for clarity and ease of reference. No disrespect is intended.

cy, which provided bodily injury coverage with a limit of liability of $100,000 per person. Additionally, the vehicle owned and operated by Nicole was insured under a personal automobile policy issued by Appellant to Nicole ("the Progressive policy" or "the Policy"). The Policy's effective dates were from March 27 through September 27, 2013; the parties stipulated the Policy was in full force and effect at the time of the collision. The parties also stipulated that Nicole had paid all premiums due on the Policy, and Respondent was an insured person under the Policy.

The declarations page of the Progressive policy contained an Outline of Coverage, which listed the Policy's limits of liability. Just above the list of coverage limits, the declarations page contained the following signal: "All Limits listed below are subject to all terms, conditions, exclusions and applicable reductions described in the policy." The Policy included an endorsement for Missouri UIM coverage, which provided coverage with limits of $50,000 per person and $100,000 per accident. The UIM endorsement states:

> If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of bodily injury. . . .

(emphasis partially omitted). The Policy defines "underinsured motor vehicle" as follows:

> "Underinsured motor vehicle" means a land motor vehicle or trailer of any type for which the sum of the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident is less than the coverage limit for Underinsured Motorist Coverage shown on the declarations page.

An "underinsured motor vehicle" does not include any vehicle or equipment:

. . .

> h. for which the sum of the limits of liability under all bodily injury bonds or policies applicable at the time of the accident is equal to or greater than the coverage limit of Underinsured Motorist Coverage shown on the declarations page.

(emphasis omitted).

## B. Claims Asserted and Relevant Procedural Posture

Following the collision, Rehagen tendered her full liability policy limits of $100,000 to Respondent, exhausting all bodily injury liability policies applicable to his claim. However, the amount paid by Rehagen was not sufficient to fully compensate Respondent for his injuries. Thus, Respondent sought coverage in the full amount of the Progressive policy's $50,000 per person UIM limit. Appellant denied the claim, asserting Respondent was not injured by an "underinsured motor vehicle" as that term is defined in the Policy. The parties agreed to present the $50,000 of contested UIM coverage to the trial court for determination.

Respondent filed a petition alleging breach of contract against Appellant.[2] The parties subsequently filed cross-motions for summary judgment and submitted briefs in support. The trial court granted Respondent's motion for summary judgment and denied Appellant's motion for summary judgment, finding the Progressive policy was ambiguous and construing the ambiguity in favor of the insured. This appeal followed.

---

**2.** Respondent's petition also plead a claim for vexatious refusal to pay, but the parties subsequently stipulated for dismissal of that claim. It is not a subject of this appeal.

## II. DISCUSSION

In its sole point on appeal, Appellant asserts the trial court erred in granting summary judgment in favor of Respondent because Rehagen did not meet the definition of an operator of an "underinsured motor vehicle." Thus, according to Appellant, Respondent was not entitled to UIM coverage under the Progressive policy. We agree.

### A. Standard of Review and General Law Relating to the Interpretation of an Insurance Policy

█ A trial court's decision to grant summary judgment is an issue of law this Court reviews de novo. *Burns v. Smith*, 303 S.W.3d 505, 509 (Mo. banc 2010); *Seeck v. Geico General Ins. Co.*, 212 S.W.3d 129, 132 (Mo. banc 2007). Summary judgment is proper only if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *Nationwide Insurance Company of America v. Thomas*, 487 S.W.3d 9, 12 (Mo. App. E.D. 2016). When the underlying facts are undisputed, controversies regarding the interpretation and application of insurance contracts are matters of law. *Id.* Whether an insurance policy is ambiguous is also a question of law this Court reviews de novo. *Id.*; *Seeck*, 212 S.W.3d at 132.

█ The central issue to this appeal is whether the Progressive policy is ambiguous. If an insurance policy is unambiguous, it must be enforced according to its terms. *Thomas*, 487 S.W.3d at 12. However, if the policy language is ambiguous, the ambiguity must be construed against the insurer as the drafter of the contract. *Id.* In construing terms of an insurance policy, we apply "the meaning which would be attached by an ordinary person of average understanding if purchasing insurance. . . ." *Id.* (quoting *Seeck*, 212 S.W.3d at 132). An insurance policy is ambiguous if its language is reasonably open to different interpretations. *Owners Insurance Company v. Craig*, 514 S.W.3d 614, 617 (Mo. banc 2017). Further, an ambiguity exists if there is duplicity, indistinctiveness, or uncertainty in the meaning of the policy's language. *Id.*; *Burns*, 303 S.W.3d at 509.

### B. Analysis of Appellant's Claim

We begin our analysis with the pertinent language of the Progressive policy. The UIM endorsement to the Policy provides:

> If you pay the premium for this coverage, we will pay for damages that an insured person is legally entitled to recover from the owner or operator of an **underinsured motor vehicle** because of bodily injury. . . .

(emphasis partially omitted). "Underinsured motor vehicle" is defined in the Policy as a vehicle:

> . . . for which the sum of the limits of liability under all bodily injury liability bonds or policies applicable at the time of the accident is less than the coverage limit for Underinsured Motorist Coverage shown on the declarations page.

> An "underinsured motor vehicle" does not include any vehicle or equipment:

> . . .

> h. for which the sum of the limits of liability under all bodily injury bonds or policies applicable at the time of the accident is equal to or greater than the coverage limit of Underinsured Motorist Coverage shown on the declarations page.

(emphasis omitted).

█ Based on the foregoing policy language, Appellant argues Rehagen's vehicle does not meet the definition of an "underinsured motor vehicle" under the plain language of the Progressive policy because her liability policy's limit was $100,000.

This is greater than the Progressive policy's UIM limit of $50,000, so Appellant asserts Respondent is not entitled to recover under the UIM endorsement.

In contrast, Respondent contends, and the trial court agreed, the definition of "underinsured motor vehicle" is ambiguous when considered in the context of the Policy as a whole. As ambiguities in insurance policy language must be construed in favor of coverage, Respondent maintains he is entitled to coverage under the UIM endorsement.

We are guided in our analysis of the Progressive policy by the Missouri Supreme Court's recent decision in *Swadley v. Shelter Mutual Insurance Co.*, 513 S.W.3d 355 (Mo. banc 2017). In *Swadley*, insured individuals brought suit against the insurer seeking recovery of their policy's UIM limit of liability of $100,000. *Id.* at 356-57. The UIM policy at issue defined "underinsured motor vehicle" as a vehicle covered by an insurance policy applicable to the collision "but the monetary limits of that . . . policy, are less than the limits of underinsured motorists coverage shown in the Declarations." *Id.* at 356 (emphasis omitted). The Court believed the clear effect of this definition was that the policy would not provide UIM coverage when the motor vehicle in question had liability coverage equal to or greater than the UIM limit of liability. *Id.* Because the tortfeasor had $1,000,000 in liability coverage, of which the insureds were paid $923,874.80, and this amount exceeded the insured's UIM limit of $100,000, the Court found the tortfeasor's vehicle did not qualify as an underinsured motor vehicle. *Id.* at 356-58. Thus, the insureds were not entitled to recover under the UIM policy. *Id.* at 358.

In so holding, the *Swadley* Court reasoned:

Nowhere does this policy expressly promise UIM coverage under every circumstance, and nowhere does it promise UIM coverage when the underinsured motorist has liability coverage equal to or greater than the UIM limit. Therefore, the policy is not rendered ambiguous by the fact that the policy's definition of "underinsured motor vehicle" restricts UIM coverage to applying only when the underinsured motorist has liability coverage less than the UIM limit. As this Court has previously explained:

Insurance policies customarily include definitions that limit words used in granting coverage as well as exclusions that exclude from coverage otherwise covered risks. While a broad grant of coverage in one provision that is taken away by a more limited grant in another may be contradictory and inconsistent, the use of definitions and exclusions is not necessarily contradictory or inconsistent. . . . Definitions, exclusions, conditions and endorsements are necessary provisions in insurance policies. If they are clear and unambiguous within the context of the policy as a whole, they are enforceable.

*Id.* at 357-58 (emphasis and citations omitted).

Similarly in this case, the clear and intended effect of the Progressive policy's definition of "underinsured motor vehicle" is that UIM coverage will not be provided when the tortfeasor has liability coverage equal to or greater than the UIM coverage limit. *See id.* at 356. The Progressive policy, in the declarations page or elsewhere, does not promise UIM coverage will be provided under every circumstance. In fact, the declarations page warns insureds: "All Limits listed below are subject to all terms, conditions, exclusions and applicable reductions described in the policy." More importantly for our purposes, the Policy does not expressly promise UIM

coverage where the tortfeasor has liability coverage greater than or equal to the UIM coverage limit. Thus, the definition of "underinsured motor vehicle" does not create an ambiguity in the Policy by then excluding from UIM coverage vehicles covered under liability policies with limits of liability greater than or equal to the Progressive policy's UIM limits. *See id.* at 357-58 (similarly finding).

Furthermore, we find the Progressive policy's definition of "underinsured motor vehicle" is clear and unambiguous when read within the context of the Policy as a whole. *See id.* The Policy's definition of "underinsured motor vehicle" plainly and unambiguously requires that any liability coverage applicable to the tortfeasor's vehicle be less than the Progressive policy's UIM coverage limit. Because Rehagen carried liability insurance with limits of $100,000 and this amount exceeds the $50,000 UIM coverage limit as shown on the declarations page of the Progressive policy, the vehicle driven by Rehagen does not meet the definition of "underinsured motor vehicle" under the Policy. *See id.* at 356-58 and *Rodriguez v. General Acc. Ins. Co. of America*, 808 S.W.2d 379, 381, 382-83 (Mo. banc 1991) (similarly finding when interpreting similar definitions of underinsured motor vehicle).

But as the insureds argued in *Swadley*, Respondent contends the Policy is ambiguous due to the fact the declarations page promises coverage of the full UIM limit of liability, but takes away that coverage in other provisions of the Policy. *See* 513 S.W.3d at 358. According to Respondent, Appellant will never be required to pay the full amount of UIM coverage. However, we need not decide whether the limits of liability, insuring agreement, or other insurance clause provisions render the Policy ambiguous because these alleged ambiguities would relate to *the amount of* UIM coverage provided under the Progressive policy, and they would not render the Policy ambiguous *as to when* UIM coverage applies. *See id.* at 358 (similarly finding). Because UIM coverage under the Progressive policy does not apply when a tortfeasor has liability coverage equal to or greater than $50,000, as is the case here, any ambiguity related to the amount of coverage provided under the Policy is irrelevant to this appeal. *See id.*

Lastly, Respondent maintains the definition of "underinsured motor vehicle" is ambiguous because it refers to a "coverage limit," which is not a defined term in the Policy. Respondent asserts this term is ambiguous because it requires a calculation based on the declarations page's warning: "All Limits listed below are subject to all terms, conditions, exclusions and applicable reductions described in the policy." However, we find the declarations page's signal is Appellant's attempt to comply with case law requiring declarations pages to adequately alert insureds to a policy's limitations. *See, e.g., Thomas*, 487 S.W.3d at 12-13. Further, the term "coverage limit," when read in context as it appears in the definition ("the coverage limit for Underinsured Motorists Coverage shown in the declarations page") is unambiguous, simply refers to the UIM limit listed under the declarations page's Outline of Coverage, and any other interpretation would create an ambiguity where one does not exist, which this Court is not allowed to do. *See, e.g., Craig*, 514 S.W.3d at 618 n.4; *Rodriguez*, 808 S.W.2d at 382.

Therefore, we conclude Respondent is not entitled to recover UIM benefits under the Progressive policy because Rehagen did not meet the definition of an operator of an "underinsured motor vehicle." Based on the foregoing, the trial court erred in granting summary judgment in favor of Respondent. Point granted.

## III. CONCLUSION

The trial court's grant of summary judgment in favor of Respondent is reversed and remanded with directions that the trial court enter judgment in favor of Appellant.

Mary K. Hoff, J., and Lisa P. Page, J., concur.