

# Missouri Court of Appeals

## Southern District

### Division Two

TIM JOHNSON, )
)
    Appellant, )
)
vs. ) No. SD36368
)
STATE FARM MUTUAL ) **Filed: May 5, 2020**
AUTOMOBILE INSURANCE )
COMPANY, )
)
    Respondent. )

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Judge Michael J. Cordonnier

## <u>AFFIRMED</u>

Tim Johnson ("Johnson") appeals the trial court's grant of summary judgment in favor of State Farm Mutual Automobile Insurance Company ("State Farm") upholding an owned-vehicle uninsured motorist ("UM") exclusion clause in two automobile insurance policies covering vehicles not involved in the accident. We affirm the trial court under the precedent set in ***Floyd-Tunnell v. Shelter Mutual Insurance Co.***, 439 S.W.3d 215 (Mo. banc 2014).

### Factual and Procedural Background

Appellant Johnson was involved in an automobile collision with an uninsured motorist and sustained bodily injuries including a neck injury

resulting in two surgeries. At the time of the collision, Johnson was insured under three separate policies issued by State Farm. In the summary judgment record before the trial court, both parties agreed there were two policies with State Farm, one listing the 2011 Toyota Tacoma ("2011 policy") (the vehicle involved in the collision) and the other policy listing a 2017 Toyota Tacoma ("2017 policy"). However, during oral argument before this Court the parties agreed there was a third policy involving a motor home ("motor home policy") that "[i]n all material respects [] is identical to the two State Farm policies that are part of the record on appeal."[1] With the exceptions of the vehicles listed on the Declarations Pages and the differences in the premiums, the language of the three policies is substantially identical and we will consider all three policies in our analysis of the legal issues.

Each of the policies stated UM limits of $100,000 per person and $300,000 per accident. Following the accident, State Farm paid Johnson the UM policy limit of $100,000 under the 2011 policy. State Farm also paid $25,000 in UM coverage under the 2017 policy and $25,000 in UM coverage under the motor home policy, claiming an owned-vehicle exclusion under the policies permitted it to reduce the amount of coverage. Neither the 2017 Tacoma nor the motor home were involved in the collision.

Johnson brought suit against State Farm asserting breach of contract and vexatious refusal to pay for failing to pay the UM policy limit of $100,000 apiece under the 2017 policy and the motor home policy. Johnson filed a motion for

---

[1] This Court was not furnished with a copy of the motor home policy and relies on the representations by the parties of what is contained within the motor home policy.

partial summary judgment arguing the exclusion did not apply, was ambiguous, and conflicted with public policy and Missouri law. State Farm filed a motion for summary judgment stating the exclusion did apply and the UM coverage was thereby reduced from $100,000 to $25,000.[2] The trial court denied Johnson's motion for partial summary judgment and granted State Farm's motion for summary judgment. Johnson appeals.[3]

## Standard of Review

We review a grant of summary judgment *de novo*. ***Dutton v. American Family Mut. Ins. Co.***, 454 S.W.3d 319, 321 (Mo. banc 2015). We consider the record in the light most favorable to the party against whom the judgment was entered and give the non-movant the benefit of all reasonable inferences from the record. ***Id.*** at 321-22 (citing ***ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.***, 854 S.W.2d 371, 376 (Mo. banc 1993)). We will uphold a ruling on summary judgment only if there is "no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." ***Missouri Pros. Att'ys & Cir. Att'ys Ret. Sys. v. Pemiscot Cty.***, 256 S.W.3d 98, 102 (Mo. banc 2008). Our interpretation of an insurance policy and our determination of "whether coverage and exclusion provisions are ambiguous" are questions of law we review *de novo*. ***Floyd-Tunnell***, 439 S.W.3d at 217. When construing the policy, we apply the meaning an "ordinary person of average understanding"

---

[2] Missouri law requires uninsured motorist coverage in the "minimum amount of $25,000 per person/$50,000 per occurrence[.]" ***Rice v. Shelter Mut. Ins. Co.***, 301 S.W.3d 43, 46 (Mo. banc 2009) (citing § 379.203); *see also* Missouri's "Motor Vehicle Financial Responsibility Law" §§ 303.030 *et seq*. All statutory citations are to RSMo. (2016).

[3] *See* § 512.020. The trial court's grant of summary judgment disposed of all claims by Johnson against State Farm. *See* Rule 74.01(b). All Rule references are to Missouri Court Rules (2019).

3

would attach to the policy if purchasing insurance, and we resolve ambiguities in the insured's favor. ***Dutton***, 454 S.W.3d at 322.

## Analysis

As the parties agree, there is no genuine dispute of material fact, and the only issue remaining is whether State Farm is entitled to judgment as a matter of law. In four points, Johnson challenges the trial court's grant of summary judgment in State Farm's favor.

In point 1, Johnson argues the owned-vehicle exclusion reducing the UM coverage does not apply to him because he "was occupying a 'your car' at the time of the collision[.]" Point 2 argues there was ambiguity in the language of the exclusion which must be resolved in Johnson's favor. In point 3, Johnson argues there are "irreconcilable conflicts" between the exclusion and other provisions of the policies relating to the "amount and/or availability of UM coverage" which must be resolved in Johnson's favor. In point 4, Johnson argues the owned-vehicle exclusion is void as against public policy and Missouri law.

### *The Policy Language*

The policies covering the vehicles not involved in the collision list Johnson and his wife as the "NAMED INSURED[.]" Each policy's Declarations Page lists one vehicle under the YOUR CAR heading.

The Declarations Page further states:

EXCEPTIONS, POLICY BOOKLET & ENDORSEMENTS (See policy booklet & individual endorsements for coverage details).

YOUR POLICY CONSISTS OF THIS DECLARATIONS PAGE, THE POLICY BOOKLET – FORM 9825A, AND ANY ENDORSEMENTS THAT APPLY, INCLUDING THOSE ISSUED TO YOU WITH ANY SUBSEQUENT RENEWAL NOTICE.

4

CREDITOR – STATE FARM BANK, PO BOX 5961, MADISON WI 53705-0961.
6087C      STATUTORY NOTICE.
6128CP     AMENDATORY ENDORSEMENT.
6925A      AMENDATORY ENDORSEMENT.

The policy booklet states:

THIS POLICY

1. This policy consists of:
   a. the most recently issued Declarations Page;
   b. the policy booklet version shown on that Declarations Page; and
   c. any endorsements that apply, including those listed on that Declarations Page as well as those issued in connection with any subsequent renewal of this policy.

. . . .

DEFINITIONS

. . . .

***Your Car*** means the vehicle shown under "YOUR CAR" on the Declarations Page.

. . . .

6128CP AMENDATORY ENDORSEMENT

This endorsement is part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.

. . . .

4. **UNINSURED MOTOR VEHICLE COVERAGE**

**Exclusions**

The following exclusion is added:

THERE IS NO COVERAGE TO THE EXTENT THE UNINSURED MOTOR VEHICLE COVERAGE LIMITS OF THIS POLICY EXCEED THE UNINSURED MOTOR VEHICLE COVERAGE LIMITS REQUIRED BY THE MISSOURI FINANCIAL RESPONSIBILITY LAW FOR AN ***INSURED*** WHO SUSTAINS ***BODILY INJURY***:

5

a. WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* IF IT IS NOT *YOUR CAR* OR A *NEWLY ACQUIRED CAR;*[4]

*Point One*

In his first point, Johnson asserts State Farm was not entitled to judgment as a matter of law because the owned-vehicle exclusion reducing the amount of UM coverage does not apply to Johnson since he was occupying a "YOUR CAR" at the time of the collision.

The general rules for contract interpretation apply to insurance contracts, and the "key is whether the contract language is ambiguous or unambiguous." *Todd v. Missouri United Sch. Ins. Council*, 223 S.W.3d 156, 160 (Mo. banc 2007) (internal quotation and citation omitted). Unambiguous insurance policies must be enforced according to their terms. *Lawson v. Progressive Cas*. *Ins. Co.*, 527 S.W.3d 198, 201 (Mo. App. E.D. 2017). "Insurance policies are read as a whole, and the risk insured against is made up of both the general insuring agreement as well as the exclusions and definitions." *Todd*, 223 S.W.3d at 163.

Here, the exclusion in all of Johnson's policies stated it applied to an insured who sustained bodily injury "WHILE *OCCUPYING* A MOTOR VEHICLE *OWNED BY YOU* IF IT IS NOT *YOUR CAR*[.]" "*Your car*" was defined in the policy as "the vehicle shown under 'YOUR CAR' on the Declarations Page." Johnson argues that as long as he was occupying a "YOUR CAR" as listed on the Declarations Page of *any* of his State Farm policies, then

---

4 The policy states: "[d]efined words and phrases are printed in boldface italics."

the exclusion does not apply. The Declarations Page listed only one vehicle under the heading "YOUR CAR" in each policy: (1) the 2011 Toyota Tacoma; (2) the 2017 Toyota Tacoma; or (3) the motor home. But Johnson was occupying only the 2011 Toyota Tacoma, *not* the 2017 Toyota Tacoma or the motor home, at the time of his collision. Therefore, the exclusion in both the 2017 policy and the motor home policy applied because, in the collision, he was "***OCCUPYING*** A MOTOR VEHICLE ***OWNED BY*** [Johnson]"—the 2011 Toyota Tacoma—not the 2017 Toyota Tacoma or the motor home.

We are bound to enforce unambiguous policy language as written, ***Floyd-Tunnell***, 439 S.W.3d at 217, therefore, the owned-vehicle exclusion applied to limit Johnson's-recovery. The policies define "YOUR CAR" to refer to "the vehicle" (singular) shown on the Declarations Page (again, singular). "Courts may not unreasonably distort the language of a policy or exercise inventive powers for the purpose of creating an ambiguity where none exists." ***Todd***, 223 S.W.3d at 163. Point 1 is denied.

*Points Two & Three*

In his second and third points, Johnson argues the trial court erred in granting summary judgment in State Farm's favor because of ambiguities that ought to be resolved in Johnson's favor. Specifically, in point 2, Johnson argues the exclusion's reference to "uninsured motor vehicle coverage limits required by Missouri financial responsibility law" is ambiguous as to the amount of coverage available to Johnson. In point 3, Johnson argues there are "irreconcilable conflicts" between the exclusion and other UM provisions in the 2017 policy and the motor home policy thereby creating ambiguity in the amount of UM coverage

7

available under the policies.  Both of Johnson's arguments have been effectively foreclosed by the Supreme Court of Missouri's decision in *Floyd-Tunnell*, which found no ambiguity in similar policy language.  439 S.W.3d at 221.

In *Floyd-Tunnell*, the Court considered the following language from an automobile insurance policy's owned-vehicle partial exclusion:

> In claims involving the situations listed below, our limit of liability under Coverage E is the minimum dollar amount ***required by the uninsured motorist insurance law and financial responsibility law of the state of Missouri***:
>
> . . .
>
> (3) If any part of the damages are sustained while the insured is occupying a motor vehicle owned by any insured, the spouse of any insured, or a resident of any insured's household; unless it is the described auto.

*Id.* at 218 (emphasis added).

The Court described the partial exclusion's "plain language" as limiting the insurer's liability to $25,000 when the insured is "occupying a vehicle that is owned by the insured but is not the vehicle covered by the policy." *Id.* at 221. Even though the exclusion reduced the coverage amount from the limits listed on each policy's Declarations Page, the Court found the "mere presence of an exclusion does not render an insurance policy ambiguous[.]" *Id.*  Instead, the partial exclusion was "clear and unambiguous" when the policies were "read as a whole[.]" *Id.*

This Court is compelled to follow the precedent set forth by our Supreme Court.  *See* *Chavez v. Cedar Fair, LP*, 450 S.W.3d 291, 298 (Mo. banc 2014). In *Floyd-Tunnell*, the Court found the "plain language" of an owned-vehicle exclusion limited the insurer's liability to $25,000 even though the language of

the exclusion itself did not reference a dollar amount but instead referred to the minimum amount "required by the uninsured motorist insurance law and financial responsibility law of the state of Missouri[.]" 439 S.W.3d at 218, 221. Similarly, here, the 2017 policy's exclusion and the motor home policy's exclusion limited coverage when the policy's coverage "EXCEED[S] THE UNINSURED MOTOR VEHICLE COVERAGE LIMITS REQUIRED BY THE MISSOURI FINANCIAL RESPONSIBILITY LAW[.]" Johnson's argument that the policies' reference to an "undefined technical phrase" renders both policies ambiguous is unavailing in light of *Floyd-Tunnell*, where the Court found similar policy language to be clear and unambiguous. *Id.* at 221.

In the same manner, we must also reject Johnson's argument that conflicts between the exclusion and other provisions in the 2017 policy and the motor home policy render the policies ambiguous. As in *Floyd-Tunnell*, the 2017 policy and the motor home policy's Declarations Pages do not "grant any coverage," but instead, "state the policy's essential terms in an abbreviated form, and when the policy is read as a whole, it is clear that a reader must look elsewhere to determine the scope of coverage." *Id.* In this case, the 2017 policy and the motor home policy's Declarations Pages inform the reader that the policies consist of the Declarations Page, the policy booklet, Form 9825A and "ANY ENDORSEMENTS THAT APPLY[.]" The policies then list two "AMENDATORY ENDORSEMENT[S,]" one of which contains the exclusion at issue here. As long as "[d]efinitions, exclusions, conditions and endorsements" are "clear and unambiguous within the context of the policy as a whole, they are enforceable." *Id.* (quoting *Todd*, 223 S.W.3d at 163). We are compelled to find

9

the exclusions in the 2017 policy and the motor home policy clear and unambiguous when considered in light of a reading of the entire policies. Points 2 and 3 are denied.

*Point 4*

In point 4, Johnson argues the court erred in granting summary judgment in favor of State Farm because the policies' owned-vehicle exclusion reduced the amount of UM coverage available to Johnson and is therefore void as against public policy and Missouri law.

"The purpose of UM coverage is to take the place of the liability coverage the insured would have received had he or she been involved in an accident with an insured motorist." ***Id.*** at 220. The Court has rejected an insurer's attempt to completely bar an insured from receiving UM coverage, finding this type of exclusion "contrary to the public policy of § 379.203 and invalid." ***Shepherd v. American States Ins. Co.***, 671 S.W.2d 777, 780 (Mo. banc 1984). Here, however, State Farm is not attempting to completely bar Johnson from UM coverage in the 2017 policy and the motor home policy. Rather, State Farm has provided Johnson with the full amount of UM coverage pursuant to the 2011 policy, and also provided Johnson, under the 2017 policy and the motor home policy, with the minimum amount of coverage required by Missouri law. *Cf.*, ***Blumer v. Automobile Club Inter-Ins. Exchange***, 340 S.W.3d 214, 220 (Mo. App. W.D. 2011) (finding an owned-vehicle exclusion invalid "to the extent of the limits required by the Motor Vehicle Financial Responsibility Law"). Just as the Court in ***Floyd-Tunnell*** rejected an interpretation of an insurance policy that would "expand the scope of mandatory UM coverage far beyond the purpose

10

of the statute[,]" 439 S.W.3d at 220, we reject Johnson's argument that reducing the UM coverage by the owned-vehicle exclusion violates public policy. Point 4 is denied.

## Conclusion

The trial court's judgment in favor of State Farm is affirmed.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. – CONCURS

DON E. BURRELL, J. – CONCURS